IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

CELIA ANNE MCREE,

    Plaintiff,

vs.                                                 No. 16-2879-JDT-dkv

RENASANT BANK LEGAL DEPARTMENT
TUPELO MISS.,

    Defendant.

---

REPORT AND RECOMMENDATION FOR *SUA SPONTE* DISMISSAL

---

On November 4, 2016, the plaintiff, Celia Anne McRee ("McRee"), a resident of Memphis, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, (Compl., ECF No. 1), accompanied by a motion for leave to proceed *in forma pauperis*, (ECF No. 3). In an order dated November 8, 2106, the court granted McRee leave to proceed *in forma pauperis*. (ECF No. 7.) This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, Apr. 29, 2013.) For the reasons that follow, it is recommended that this case be dismissed for failure to state a claim and for lack of jurisdiction.

I. PROPOSED FINDINGS OF FACT

McRee's court-supplied complaint form is entitled "Complaint for Violation of Civil Rights Under 42 U.S.C. § 1983." (ECF No.

1.)     The complaint names Renasant Bank Legal Department of Tupelo, Mississippi ("Renasant") as the sole defendant. (*Id.* at 1.)

In the "Statement of Claim" section of her complaint against Renasant, McRee hand-wrote:

> The Tupelo, Miss Renasant Bank withdrew/abstracted money based on a Notice of Levy from ACS Support, Philadelphia, Pa. (IRS). I did not owe the $6,166.95 and had not filed a 1040 in the year 2003 because I did not earn enough to file. (My Collectable business in Chip'n Dale Mall, Memphis, TN. had closed.) I am military and not a U.S. citizen and did not owe the taxes – however, Renasant Bank (which is still my bank in Memphis) insists I recover the money from the IRT/DOT because they complied with the levy from ACS.

(*Id.* ¶ IV.) McRee attached to her complaint a four-page handwritten statement in which she indicated the money was removed from her account on November 26, 2012, and she has been pursuing the return of her money for four years. (ECF No. 1-1.)

For relief, McRee seeks "Recovery of my money. Amount is $6,166.95 + 100.00 levy fee = $6,266.95." (Compl. ¶ V, ECF No. 1.)

## II.  PROPOSED CONCLUSIONS OF LAW

A.  28 U.S.C. § 1915(e)(2) Screening

Pursuant to Local Rule 4.1(a), service will not issue in a *pro se* case where the *pro se* plaintiff has been granted leave to proceed *in forma pauperis* until the complaint has been screened under 28 U.S.C. § 1915(e)(2). The clerk is authorized to issue

2

summonses to *pro se* litigants only after that review is complete and an order of the court issues. This report and recommendation will constitute the court's screening.

The court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action

>      (i)     is frivolous or malicious;
> 
>      (ii)    fails to state a claim on which relief may be granted; or
> 
>      (iii)   seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

B.  <u>Standard of Review for Failure to State a Claim</u>

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678-679 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)(quoting *Iqbal*, 556 U.S. at 681). "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption

of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."). "A complaint can be frivolous either factually or legally. Any complaint that is legally frivolous would *ipso facto* fail to state a claim upon which relief can be granted." *Hill*, 630 F.3d at 470 (citing *Neitzke v. Williams*, 490 U.S. 319, 325, 328-29 (1989)).

> Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327 (interpreting 28 U.S.C. § 1915). Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, *Iqbal*, 129 S. Ct. at 1949-50, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness. *Neitzke*, 490 U.S. at 327-28.

*Id.* at 471.

"*Pro se* complaints are to be held to less stringent

4

standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 Fed. App'x 608, 613 (6th Cir. 2011)("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading")(internal quotation marks omitted); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003)(affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004)("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011)("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

C. <u>McRee's Claim Under 42 U.S.C. § 1983</u>

McRee alleges violation of her civil rights under 42 U.S.C. § 1983 in the title of her complaint. 42 U.S.C. § 1983, provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any state . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law. . . .

Section 1983 provides a method of seeking redress of deprivation of federal constitutional rights and federal statutory rights. *Albright v. Oliver*, 510 U.S. 266 (1994)(citing *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) first, that the defendant acted under color of state law, and (2) a deprivation of rights secured by the United States Constitution or federal statutory law. *Fritz v. Charter Twp. of Cornstock*, 592 F.3d 718, 722 (6th Cir. 2010); *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1244 (6th Cir. 1989)(quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)).

As to the first *prima facie* element, there are no factual allegations whatsoever in the complaint that reasonably suggest that Renasant engaged in conduct that could be construed as "state action." As to the second prima facie element, McRee has not alleged a deprivation of any rights secured by the U.S. Constitution or federal statutory law. Thus, McRee has failed to
6

satisfy both elements and the complaint fails to state a claim under § 1983. Because the claim under 42 U.S.C. § 1983 is the only federal claim alleged in the complaint, the court lacks federal question jurisdiction.

D. State Law Claims and Subject Matter Jurisdiction

At best, McCree's claims are state law claims sounding in tort or contract. Unless there is diversity jurisdiction, this court lacks subject matter jurisdiction over this action. A district court has diversity jurisdiction under 28 U.S.C. § 1332 over civil actions where the amount in controversy exceed $75,000 and the action is between citizens of different states. McCree's complaint contains no jurisdictional allegation. In the complaint, however, McCree states that she resides in Memphis, Tennessee, and provides an address for Renasant Bank Legal Department in Tupelo, Mississippi. (Compl. ¶ III, ECF No. 1.) The court will therefore treat McCree as a citizen of Tennessee and Renasant as a citizen of Mississippi. Thus, this is an action between citizens of different states. The amount-in-controversy requirement for diversity jurisdiction, however, is not met because McRee seeks only $6,266.95 as damages. (*Id.* ¶ V.)

Federal courts are obliged to act *sua sponte* whenever a question about jurisdiction arises. *See, e.g.*, *Ins. Corp. of Ireland, Ltd.*, 456 U.S. at 702 ("A court, including an appellate

7

court, will raise lack of subject-matter jurisdiction on its own motion."); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 287 n.10 (1938); *Answers in Genesis, Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009)("[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*."). Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Accordingly, it is recommended that McCree's complaint also be dismissed *sua sponte* for lack of subject-matter jurisdiction.

III. RECOMMENDATION

For the foregoing reasons, it is recommended that McRee's complaint be dismissed *sua sponte* for failure to state a claim pursuant to Rule 12(b)(6) and 28 U.S.C. § 1915(e)(2)(ii) on which relief may be granted and for lack of subject matter jurisdiction.

Respectfully submitted this 6th day of December, 2016.

s/Diane K. Vescovo
---
DIANE K. VESCOVO
CHIEF UNITED STATES MAGISTRATE JUDGE

NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.