IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| CELIA ANN MCREE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 16-2879-JDT-dkv |
| | ) | |
| RENASANT BANK LEGAL DEPARTMENT, | ) ) | |
| | ) | |
| Defendant. | ) | |

ORDER ADOPTING REPORT AND RECOMMENDATION TO DISMISS,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

On November 4, 2016, Plaintiff Celia Anne McRee, a resident of Memphis, Tennessee, filed a *pro se* complaint on the form used for commencing an action pursuant to 42 U.S.C. § 1983, accompanied by a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 3.) United States Magistrate Judge Diane K. Vescovo granted leave to proceed *in forma pauperis* on November 8, 2016. (ECF No. 7.) On December 6, 2016, Magistrate Judge Vescovo issued a Report and Recommendation ("R&R") in which she recommended the Court dismiss the case *sua sponte* for failure to state a claim and lack of subect matter jurisdiction. (ECF No. 8.) Objections to the R&R were due within fourteen days, on or before December 23, 2016. *See* Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d). However, Plaintiff has filed no objections.

Plaintiff has sued the Legal Department of Renasant Bank in Tupelo, Mississippi ("Bank"). She alleges the Bank removed $6,166.95 and a $100 levy fee from her account based on a Notice of Levy from the Internal Revenue Service, ostensibly to satisfy a debt for unpaid taxes for tax year 2003. Plaintiff alleges she did not owe the tax because she did not make enough in 2003 to require her to file a federal tax return. She contends she has pursued the return of her money for four years, but the Bank insists she must recoup the funds from the IRS because it was paid pursuant to the Notice of Levy. However, Plaintiff further alleges the IRS has informed her that it never issued a levy on her and has never received any payment of $6,166.95 from the Bank. Plaintiff states that she was told the problem could be due to identity theft; she seeks the return of her money.

Magistrate Judge Vescovo first determined that Plaintiff's complaint fails to state a claim under 42 U.S.C. § 1983. "A § 1983 plaintiff may not sue purely private parties." *Brotherton v. Cleveland*, 173 F.3d 552, 567 (6th Cir. 1999). Thus, "[i]n order to be subject to suit under § 1983, [a] defendant's actions must be fairly attributable to the state." *Collyer v. Darling*, 98 F.3d 211, 231-32 (6th Cir. 1997). The Bank is not a governmental entity but a private business which does not act under color of state law. Furthermore, Plaintiff has not alleged that the Bank's actions deprived her of any rights under either the U.S. Constitution or federal statutory law.

The Magistrate Judge further found that Plaintiff's claims, at most, were claims arising under state law. However, this Court has no diversity jurisdiction over such claims. Although Plaintiff and the Bank appear to be citizens of different states, the amount in

controversy is much less than the $75,000 required to support diversity jurisdiction. *See* 28 U.S.C. § 1332.

The Court finds no error in Magistrate Judge Vescovo's conclusions and ADOPTS the R&R in its entirety. Accordingly, the Court DISMISSES the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim and for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3).

Pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a), the Court CERTIFIES that an appeal by Plaintiff would not be taken in good faith and DENIES leave to appeal *in forma pauperis*. Accordingly, if Plaintiff files a notice of appeal, she must also pay the entire $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

  s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE